UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| DOMINGO PEREZ,<br><br>　　Plaintiff,<br>VS.<br><br>CITY OF PHARR, TEXAS,<br><br>　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. M-06-100<br>§<br>§<br>§<br>§ |

### ORDER DENYING DEFENDANT'S SECOND AMENDED MOTION TO DISMISS

Plaintiff Domingo Perez brought this action pursuant to 42 U.S.C. § 1983, alleging that Defendant City of Pharr, Texas, violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments by demolishing two houses on his property. (Docket No. 1.) Recognizing that a Fifth Amendment takings claim would be unripe for adjudication because he has not yet exhausted his state court remedies, Plaintiff's Second Amended Complaint no longer asserts a Fifth Amendment claim but does allege a Fourth Amendment claim for wrongful seizure. (Docket No. 25.)

Pending before the Court is Defendant's Second Amended Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Docket No. 26.) Defendant asserts that Plaintiff's Fourth Amendment claim should be dismissed because it is closely related to an unripe Fifth Amendment takings claim. After carefully considering the motion in light of the pleadings and the applicable law, and for the reasons discussed further below, the undersigned concludes that Plaintiff's Fourth Amendment wrongful seizure claim is separate from, and not dependent upon, a Fifth Amendment takings claim. Accordingly, Defendant's motion to dismiss for lack of jurisdiction will be denied.

## I. **BACKGROUND**

Plaintiff is the owner of real property located in Pharr, Texas. There were two houses located on this property. Plaintiff asserts that Defendant destroyed these houses on or about January/February 2006. In May 2006, Plaintiff filed his original complaint pursuant to 42 U.S.C. § 1983, seeking damages for Defendant's alleged violations of his rights, privileges and immunities secured by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. (Docket No. 1.) Defendant thereafter filed a Rule 12(b)(1) motion to dismiss asserting that Plaintiff's claims were unripe and that the Court lacked jurisdiction to consider them because Plaintiff had yet to exhaust his state remedies for just compensation. (Docket No. 6.)

At a hearing on the motion, Plaintiff orally moved for and received leave to amend his original complaint. Plaintiff filed his First Amended Complaint in September 2006. (Docket No. 15.) Defendant then filed its First Amended Rule 12(b)(1) Motion to Dismiss in response to the amended complaint. (Docket No. 16.) At a subsequent hearing, the parties presented argument on Plaintiff's Fourth, Fifth, and Fourteenth Amendment claims. Based on discussions at that hearing, Plaintiff again sought and received leave to further amend his complaint. (Docket Nos. 18, 20, 24.)

Plaintiff filed his Second Amended Complaint on January 16, 2007, in which he abandoned his previous Fifth Amendment takings claim and Fourteenth Amendment Due Process claim and now asserts only a Fourth Amendment unlawful seizure claim. (Docket No. 25.) In response, Defendant filed the present Second Amended Rule 12(b)(1) Motion to Dismiss, to which Plaintiff has responded and Defendant replied. (Docket No. 26, 31, 32.)

With the consent of the parties, this case was referred to the undersigned Magistrate

Judge for plenary handling pursuant to 28 U.S.C. § 636(c).  (Docket No. 9.)

## II.  ANALYSIS

1. **Motion to Dismiss Standard**

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be granted "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claims that would entitle [him] to relief."  *Home Builders Ass'n of Mississippi, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'"  *Id.* (citation omitted).  When analyzing the complaint, the court must treat the allegations in the complaint as true.  *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995).

2. **Issue**

Plaintiff asserts that Defendant unlawfully entered, seized, and destroyed Plaintiff's home, private effects, and papers in violation of his Fourth Amendment rights.  (Docket No. 25 at 3–4.)  In moving to dismiss, Defendant argues that the seizure of property implicates constitutional protections of both the Fourth Amendment and the Fifth Amendment.  According to Defendant, the Court does not have subject matter jurisdiction to consider the Fourth Amendment unlawful seizure claim because it is closely related to and depends on factual development of a Fifth Amendment takings claim that is unripe.  (Docket No. 26 at 4-5.)

3. **Ripeness of Plaintiff's Fourth Amendment Claim**

It is undisputed that any takings claim asserted by Plaintiff is unripe for consideration in the federal court because he has not sought or been denied just compensation from the state.  *John Corp. v. City of Houston*, 214 F.3d 573, 581 (5th Cir. 2000).  Further, the Fifth Circuit has found that in certain circumstances, claims related to a takings claim are also unripe where

additional factual development of the takings claim is necessary to the resolution of the related claims.  *Id.* at 585–86.  At the same time, however, the Supreme Court has stated that "[c]ertain wrongs affect more than a single right and, accordingly, can implicate more than one of the Constitution's commands.  Where such multiple violations are alleged, we are not in the habit of identifying as a preliminary matter the claim's 'dominant' character.  Rather, we examine each constitutional provision in turn."  *Soldal v. Cook County*, 506 U.S. 56, 70 (1992).

In this case, the only claim in Plaintiff's Second Amended Complaint asserts a violation of the search and seizure requirements of the Fourth Amendment.  Plaintiff alleges that Defendant City of Pharr unlawfully entered, seized, and destroyed Plaintiff's home without judicial authorization.  Plaintiff does not argue that he should receive just compensation for the taking of his property, but rather that Defendant should be made to pay damages for violating his Fourth Amendment rights against unlawful seizures.

A violation of the Fifth Amendment takings clause does not occur until "just compensation" has been denied.  *John Corp.*, 214 F.3d at 581.  In contrast, a Fourth Amendment wrongful seizure claim is a separate cause of action with distinct elements that do not depend on a finding of just compensation.  *See United States v. Williams*, 617 F.2d 1063, 1074 (5th Cir. 1980) (to recover under a Fourth Amendment claim for illegal seizure, the court must determine whether the government acted under statutory authority and, if so, whether the seizure was reasonable).  As another court recently concluded in addressing this issue in a similar case: "While the facts surrounding the Fourth Amendment claim stem from the same series of events as the takings clause claim, the cause of action is wholly separate.  A determination of just compensation is not required to determine if a warrantless seizure occurred."  *U.S. Bank, N.A. v. City of Irving*, 2007 WL 1073769 at *4 (N.D.Tex. April 5, 2007).  In the *U.S. Bank* case the

court dismissed as unripe the takings clause claim and other claims (such as procedural due process) that were necessarily subsumed by the takings claim, but held that "Fourth Amendment and equal protection claims are separate from the takings clause claim and are ripe for adjudication." *Id.*[1]

Similarly, in this case Plaintiff's Fourth Amendment unlawful seizure claim is ripe for adjudication because it is separate from and not subsumed by any Fifth Amendment takings claim. The Court thus has jurisdiction to address this claim.

### III. CONCLUSION

For the foregoing reasons, Defendant's Second Amended Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.

The Clerk shall send a copy of this Order to counsel for the parties.

DONE at McAllen, Texas on August 7, 2007.

_____
Peter E. Ormsby
United States Magistrate Judge

---

[1] Defendant cites to *Bateman v. City of West Bountiful*, 89 F.3d 704, 709 (10th Cir. 1996), for the broad proposition that additional constitutional claims closely related to the takings claim must also be deferred pending state action. But this case does not support Defendant's position here. To begin with, the Tenth Circuit's holding in *Bateman* addressed only due process and equal protection claims arising from a takings claim, not a Fourth Amendment unlawful seizure claim. More significantly, the Fifth Circuit has explicitly rejected the holding in *Bateman* to the extent it creates a blanket rule that the takings clause subsumes any substantive due process claim relating to a deprivation of property. *John Corp.*, 214 F.3d at 583. As the Fifth Circuit noted in *John Corp.*, "it is clear that a particular action may implicate more than one constitutional protection." *Id* at 582.